UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNATHON D. FITTS, | ) | Case No.: 3:21 CV 161 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| WARDEN TIM SHOOP, | ) | |
| | ) | |
| Respondent | ) | ORDER |

Currently pending before the court in the above-captioned case is Petitioner Johnathon D. Fitts's ("Fitts" or "Petitioner") Petition for a Writ of Habeas Corpus ("Petition") (ECF No. 4), pursuant to 28 U.S.C. § 2254. Under Local Rule 72.2, the court referred the matter to Magistrate Judge David A. Ruiz ("Judge Ruiz"). The case was later reassigned by General Order to Magistrate Judge Darrell A. Clay ("Magistrate Judge" or "Judge Clay") to prepare a Report and Recommendation ("R & R"). For the following reasons, the court adopts Judge Clay's R & R (ECF No. 20) and denies Fitts's Petition in its entirety. The court also declines to issue Fitts a Certificate of Appealability.

On November 15, 2018, a jury convicted Fitts for the following offenses: one count of trafficking in cocaine in violation of O.R.C. § 2925.03(A)(1) and (C)(4)(e); one count of complicity in the commission of an offense in violation of O.R.C. § 2923.03(A)(2) and (F); and one count of trafficking cocaine in an amount less than five grams in violation of O.R.C. § 2925.03(A)(1) and

(C)(4)(a). (R & R at 3–4, ECF No. 20). The trial court then sentenced Fitts to an aggregate term of seven years and ten months' imprisonment. Fitts' appealed the conviction, which was subsequently affirmed on direct appeal. (*Id.* at 4–5). Fitts did not appeal the decision to the Supreme Court of Ohio. (*Id.* at 5). On January 21, 2020, Fitts filed a *pro se* petition for post-conviction relief in Ohio state court, which the trial court denied. (*Id.* at 6). Once again, Fitts did not appeal the decision. Then, on July 24, 2020, Fitts filed a *pro se* application to reopen his direct appeal under Ohio Appellate Rule 26(B), alleging ineffective assistance of appellate counsel in his direct appeal. (*Id.* at 6). After the state appellate court denied Fitts's application, he appealed the decision to the Supreme Court of Ohio, raising the same ineffective assistance of counsel claim, as well as two other ineffective assistance of appellate counsel claims. (*Id.* at 6–7). The state Supreme Court declined jurisdiction over Fitts's appeal. (*Id.* at 7) (citing *State v. Fitts*, No. 2020-1083, 157 N.E.3d 792 (Ohio 020)).

Fitts later filed the instant Petition on January 21, 2021, challenging his conviction and asserting the following three grounds for relief:

GROUND ONE:    Appellant counsel was ineffective under the Sixth Amendment for not objecting to audio and video [sic], which prejudiced defendant of a fair trial.

Supporting Facts:    At trial, counsel erred with respect to the admission of audio and video recordings of the confidential informant.

GROUND TWO:    Appellant counsel was ineffective for not admitting that the prosecutor's evidence was insufficient and manifest of evidence was plain error [sic].

Supporting Facts:    Plain error may be noticed even if not brought to the attention of the court at trial prosecutor at not time produced any cocaine that was alleged seized they never admitted cocaine as an exhibit which this created plain error and prejudiced the defendant which is not having

-2-

a fair trial [sic]. Which means that the prosecutor failed to produce any relevant evidence, no witnesses, no evidence to warrant a conviction.

GROUND THREE:    Appellant attorney never argued that the defendant never got to cross-examine the confidential informant, the only witness.

Supporting Facts:    Sixth Amendment was violated Ohio Constitution, and the Bill of Right violated which this defendant never at no time was given the right to confront the state's witnesses, the defendant was also entrapped into a drug deal, which appellant attorney was in severe ineffective [sic]. This appeal has created plain error which this may be admitted for justice [sic], and this defendant was not given a fair trial.

(R & R at 7–8, ECF No. 20) (citing Pet. at PageID #6–9, ECF No. 4). Respondent Warden Tim Shoop ("Respondent" or "Warden Shoop") filed an Answer/Return of Writ (ECF No. 10) on March 29, 2021, and Fitts filed a Traverse on June 8, 2021. (ECF No. 16). Judge Clay submitted his R & R on January 18, 2024, recommending that the court deny and dismiss Fitts's Petition in its entirety. The R & R finds that Grounds Two and Three of Fitts's Petition are procedurally defaulted, and that Ground One is without merit. (R & R at PageID #750, 752, ECF No. 20). Objections to the Magistrate Judge's R & R were due February 1, 2024. Fitts did not file any objections.

After careful review of the Magistrate Judge's R & R, as well as all other relevant documents in the record, the court finds that Judge Clay's recommendations are fully supported by the record and controlling caselaw. Fitts has defaulted on Grounds Two and Three of his Petition by raising them for the first time before the Ohio Supreme Court, rather than raising them before the state appellate court in his Rule 26(B) motion. *See Smith v. State of Ohio Dept. of Rehabilitation and Corrections*, 463 F.3d 426, 430–31 (6th Cir. 2006) ("The federal court will not review claims that were not entertained by the state court either due to the petitioner's failure to raise those claims in

-3-

the state courts while state remedies were available *or* when the petitioner's failure to comply with a state procedural rule prevented the state courts from reaching the merits of the claims.") (emphasis in original). With respect to Ground One, where the state court determined that the contested recordings were admissible non-hearsay that did not violate the Confrontation Clause and Fitts had waived his right to contest their admission when his counsel assented to their admission at trial, Petitioner has not shown that the state court's decision involved an unreasonable application of clearly established federal law. Petitioner has similarly not shown that the state court's decision involved an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(e)(1) (explaining that a state court's factual findings are presumed correct unless the petitioner rebuts this presumption by clear and convincing evidence). Accordingly, the court adopts as its own Judge Clay's R & R (ECF No. 20) in its entirety and hereby denies and dismisses the Petition for Writ of Habeas Corpus (ECF No. 4). The court also certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.


*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE


March 12, 2024

-4-